For the above stated reasons petitioner's application for a writ of habeas corpus must be denied.

---

**Petition of Allen J. FLINCHUM, Jr., owner of motor vessel GIN–ANNE for Exoneration from or Limitation of Liability.**

**Civ. No. 19603.**

United States District Court
D. Maryland.

Feb. 17, 1969.

Robert H. Williams, Jr., and Niles, Barton & Wilmer, Baltimore, Md., for petitioner.

James J. Welsh, Baltimore, Md., for claimant Daniel A. Marangiello and United Services Automobile Assn.

THOMSEN, Chief Judge.

In this limitation of liability proceeding under Rule F, Supplemental Rules, F.R.Civ.P., the petitioner (Flinchum) opposes the motion of Daniel A. Marangiello, to his own use and to the use of his insurance company (USAA), seeking leave to file a late claim.

On June 18, 1968, Flinchum filed his petition for exoneration from or limitation of liability for damages caused by a

fire and explosion on his cruiser, the M. V. Gin-Anne, in Annapolis, Maryland, on May 22, 1968. Pursuant to an order of Court, Flinchum filed an ad interim stipulation for $1,006, the amount for which the vessel had been sold after the fire, and by another order, also dated June 18, 1968, which was duly published and served, all known claimants were given until July 29 to file their claims and answers to the petition. Two claims, one for $1,400 and one for $300,000 were filed by July 29; both claimants disputed Flinchum's right to exoneration or limitation of liability. On July 29, at the request of Flinchum, the Court extended the time within which nine specified claimants might file their claims. During that month one claim for $2,119.95 was filed, and the time for filing has been further extended three times for one of the nine claimants, the last extension running until April 1, 1969. On October 2, 1968, Marangiello, for himself and his insurer (USAA), requested permission of the Court to file a claim for $1,550 and an answer to Flinchum's petition. Flinchum opposes the request as untimely and without cause.

On June 27 and 28, respectively, Marangiello and Perkins Adjusting Service, of Bailey Crossroads, Va., which had been appointed by USAA to investigate Marangiello's claim, were sent notices of the July 29 date for filing. They attribute their delay to the fact that USAA is based in San Antonio, Texas, and to the time needed for investigation, decision as to what course to pursue, and implementation of that decision.

Paragraph 4 of Rule F provides that "[f]or cause shown, the court may enlarge the time within which claims may be filed." In this respect Rule F is identical with its predecessor, Admiralty Rule 51, under which it was generally held that so long as limitation proceedings are pending and undetermined and rights of the parties are not adversely affected, permission to file late claims will be freely granted, although they may be subordinated to timely claims

against the limitation fund. Texas Gulf Sulphur Co. v. Blue Stack Towing Co., 313 F.2d 359 (5 Cir. 1963); Petition of Tugboat Dalzellea, Inc., 254 F.Supp. 298 (S.D.N.Y.1965); Petition of Vermillion Towing Corp., 227 F.Supp. 933 (E.D. Va.1964). See 3 Benedict Admiralty, § 518, p. 542 (Knauth ed. 1940).

Flinchum's right to limit his liability is already being contested by claimants who timely filed their claims. If limitation of liability is denied, Marangiello could institute a separate action at any time before May 22, 1971. See Art. 57, sec. 1, Anno. Code of Md. (1958). If limitation of liability is allowed, it will make little difference to anyone whether Marangiello is entitled to share in the $1,006. No basis for an estoppel against Marangiello has been shown. Although a good excuse for the delay in filing Marangiello's claim has not been shown, the shortness of the time allowed by the original order would make it unduly harsh to deny him and his insurer the right to join with the other claimants in contesting Flinchum's petition.

Leave should be and is hereby granted to Marangiello and his insurer to file their claim, but the claim as against the limitation fund is hereby subordinated to claims which are timely filed.