In the
United States Court of Appeals
For the Seventh Circuit

No. 00-3022

Alter Barge Line, Inc.,

Plaintiff-Appellee,

v.

Consolidated Grain & Barge Co., et al.,

Defendants.

Appeal of:  Randy W. Pherigo,

Claimant-Appellant.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 00-CV-0048-DRH--David R. Herndon, Judge.

Argued March 6, 2001--Decided November 8, 2001


  Before Fairchild, Cudahy, and Ripple,
Circuit Judges.

  Per Curiam.  After suffering severe
injuries when the equipment he was using
to unload one of Alter Barge Line, Inc.'s
barges malfunctioned, Randy Pherigo filed
a personal injury suit against Alter and
other defendants. Alter invoked its
statutory right to limit its liability to
the value of the barge and its cargo
($45,350) in a separate proceeding under
the Vessel Owner's Limitation of
Liability Act, 46 U.S.C. app. sec.sec.
181-96, and Rule F of the Supplemental
Rules Governing Certain Admiralty and
Maritime Claims. Pherigo missed the
deadline the district court set for
filing claims in the limitation
proceeding, and the district court denied
him permission to file late. Pherigo
appeals.

  Pherigo was the only person injured in
the December 1997 incident. Alter sought
limitation, and on February 4, 2000, the
district court issued an order staying
all suits against Alter and directing
that any claims against Alter arising out
of the incident be filed in the
limitation proceeding by March 17, 2000.

Pherigo missed the court-imposed deadline, and Alter moved to default all unfiled claims on May 26. Pherigo responded with a motion for leave to file a late claim on June 9. Although the district court had discretion to grant Pherigo's motion and allow his claim under Rule F(4), it entered an order defaulting all unfiled claims on June 14, making no mention of Pherigo's pendingmotion. Pherigo promptly moved to set aside the default order and for a ruling on his motion. The district court denied both motions, concluding that Pherigo had not shown "good cause" for delay.

We note first that late claimants in admiralty proceedings need not show "good cause." See In re M.V. President Kennedy, Ltd., No. 98 Civ. 8126 CSH, 2000 WL 351425, at *2 (S.D.N.Y. Apr. 5, 2000). See also In re Flinchum, 303 F. Supp. 971, 972 (D. Md. 1969) (no "good excuse" shown). Our review of the cases, particularly those permitting late filings where the delay is due solely to the negligence of the claimant or his attorney, see, e.g., In re M.V. President Kennedy, Ltd., 2000 WL 351425, at *3 (claimant delayed in retaining counsel); In re Vermillion Towing Corp., 227 F. Supp. 933, 934 (E.D. Va. 1964) (attorney unfamiliar with admiralty law); Heier v. Panama Transp. Co. (In re United States), 172 F.2d 355 (2d Cir. 1949) (foreign claimants "uninformed" about U.S. law), convinces us that the "cause" required in this context is minimal; an explanation rather than a justification for the delay will suffice. The explanation Pherigo provides--attorney error--meets the minimal cause requirement.

When a claimant shows cause, courts must "freely grant[ ]" permission to file late claims so long as the limitation proceeding is ongoing and the late claim will not prejudice other parties. See Amer. Comm. Lines, Inc. v. United States, 746 F.2d 1351, 1353 (8th Cir. 1984). Both considerations favor Pherigo here. Accordingly, we conclude that the equitable nature of admiralty proceedings, in which parties are given every opportunity to place their entire case before the court and to correct errors at any stage of the proceedings, see Deupree v. Levinson, 186 F.2d 297, 303 (6th Cir. 1950), requires that

Pherigo be permitted to file his claim. We elect not to characterize the district court's contrary determination as an abuse of discretion, but are cognizant of the equitable powers of admiralty courts, even at the appellate level, to shape admiralty proceedings so as to achieve substantial justice. See Texas Gulf Sulphur Co. v. Blue Stack Towing Co., 313 F.2d 359 (5th Cir. 1963) (acknowledging that district court's decision to deny late claimant permission to file claim in limitation nunc pro tunc was not abuse of discretion, but sua sponte modifying district court's order to permit filing of late claim subordinate to timely claims). Finally, we note that the only court to have considered a similar case-- in which a sole claimant suffered a severe, on-the-job injury but missed the deadline for filing a claim in the limitation proceeding--concluded, as we do, that the late claim must be allowed. See In re Two "R" Drilling Co., Civ. A. No. 90-4184, 1991 WL 195513 (E.D. La. Sept. 24, 1991) (permitting injured employee to file three months late without discussing cause requirement, noting only that given the facts of the case there was "no reason" why late claim should not be allowed). We limit our holding to the facts of this case.

The district court's order of June 12, 2000 closing the limitation proceeding and defaulting all unfiled claims is VACATED and the case REMANDED with directions that the district court allow Pherigo to file his claim.