**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 5, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 04-31038

_____

In Re: In the Matter of the Complaint of RIVER CITY TOWING SERVICES INC, as owner of Tank Barge F-22, for Exoneration from or Limitation of Liability

_____

RIVER CITY TOWING SERVICES INC, Etc; ET AL

Plaintiffs,

RIVER CITY TOWING SERVICES INC, as owner of Tank Barge F-22

Plaintiff – Appellee,

versus

MARY CRAIG; ET AL

Claimants,

JEROME JARVIS; CAROL WASHINGTON; CALVIN JARVIS; DEBRA G GARLINGTON

Claimants – Appellants,

CAROL W ARMSTRONG; CHARLES E ARMSTRONG; IRENE ASBERRY; LEONARD ASBERRY; JOHN H ATKINS; MARY S BATTISTE; EVELYN W GARNER; TYRONE JARVIS; TERRY PUGH; JOANNA ANDERSON; LEONARD ASBERRY; CARMEESHA CAMPER; JOHN H DAVIS; JAXON EWRIN; GREGORY FABRE; KENNETH FRANCOIS; JOHN H JOSEPH, JR; KEANDRE' M RANDALL; GLORIA WASHINGTON; ADAM P GARLINGTON; BLAKE J GARLINGTON; CHARE M GARLINGTON; JENA A GARLINGTON; RONALD GARLINGTON; IESHA HARRIS; JESSICA HARRIS; CHARLIE JOHNSON; ET AL

Appellants

_____

Appeals from the United States District Court
For the Middle District of Louisiana, Baton Rouge

_____

Before GARWOOD, SMITH, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

1

Potential claimants to a fixed fund created by a limitation of liability action appeal the district court's denial of leave to file late claims. For the following reasons, we affirm the decision of the district court.

## I. FACTS AND PROCEEDINGS

On April 27 and April 28, 2004, a barge owned by River City Towing Services ("River City") emitted fumes affecting individuals in Baton Rouge and Brusley, Louisiana. On April 28, 2004, a group of plaintiffs filed a class action in state court against River City for injuries arising out of the incident. On May 5, 2004, River City filed a complaint for a limitation of liability action in federal court in order to set the maximum damages for which River City could be liable at an amount equal to the value of the barge and cargo (the "fixed fund"). 46 U.S.C. app. § 183. Pursuant to Supplemental Rule F(4) of the Federal Rules of Civil Procedure, the district court set July 2, 2004 as the notice date, before which potential claimants were required to file their answers to River City's complaint. Supp. Fed. R. Civ. P. F(4). Notice was then published in the Baton Rouge Advocate pursuant to the rule. *Id*.

On May 7, 2004, four plaintiffs, including Mary Craig (collectively, the "Mary Craig plaintiffs"), filed an answer to the complaint for limitation of liability. The attorney for the Mary Craig plaintiffs amended the answer on four separate occasions to add more claimants before the notice date. Beginning July 9, 2004, after the notice date, the attorney for the Mary Craig plaintiffs sought nine more times to amend the answer to add late claimants to the fixed fund. On September 20, 2004, the magistrate judge, correctly treating the Mary Craig plaintiffs' motions for leave to amend the answer as motions for leave to file late claims, denied the motions. On September 24,

2

2004, the district court entered an order affirming that decision. The Mary Craig plaintiffs now appeal.

## II. DISCUSSION

### A. Standard of Review

The decision to deny claimants the opportunity to file and serve untimely answers in a limitation action is reviewed for an abuse of discretion. *Lloyd's Leasing Ltd. v. Bates*, 902 F.2d 368, 371 (5th Cir. 1990). "[I]nstances in which we can declare that the action is so lacking in reason as to constitute an abuse of discretion" are rare. *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 363 (5th Cir. 1963) (citations omitted).

### B. Analysis

*Texas Gulf Sulphur* sets forth the principles which assist a district court in determining when it is appropriate to allow a claimant to file a late claim in a limitation of liability proceeding. *See generally id*. In *Texas Gulf Sulphur*, the district court refused to allow the claimant to file a late claim in a limitation of liability proceeding after the claimant was unable to explain why it did not file on time, and other claimants demonstrated that inclusion of the late claims would result in considerable prejudice to their rights. *Id*. at 361–62. In affirming the decision, this Court wrote that "we readily accept the guiding principle elucidated by Benedict that 'so long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims . . . upon a showing of the reasons therefor.'" *Id*. at 362 (quoting 3 BENEDICT ON ADMIRALTY § 518 p. 542 (Knauth ed. 1940)).

The district court correctly concluded that this action was pending and undetermined at the time the motions for leave to file late claims were filed. The parties dispute whether the inclusion of

the additional claimants would materially affect the rights of the current parties to the dispute.  This Court will not reach this issue because we conclude that plaintiffs have failed to show any reason for the lateness of the additional claims.

This Court has held that "a district court ruling on a motion to file a late claim, should consider . . . the claimant's reasons for filing late." *Golnay Barge Co. v. M/T Shinoussa*, 980 F.2d 349, 351 (5th Cir. 1993).  The treatise relied upon in *Texas Gulf Sulphur* states:  "So long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims, upon *an affidavit reciting the reasons* for the failure to file within the time limit."  3-VIII BENEDICT ON ADMIRALTY § 83 (7th ed. 2002) (emphasis added).  While permission to file late is subject to an equitable analysis of these factors, this Court's precedent clearly requires that late filers demonstrate their reasons with evidence. *Lloyd's Leasing*, 902 F.2d at 371.

Plaintiffs failed to offer any evidence to support their reasons for filing their claims after the notice date.  Supplemental Rule F(4) provides that the vessel owner in a limitation of liability action, in addition to mailing notice to known claimants, must "publish[] in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims."  Supp. Fed. R. Civ. P. F(4).  Although plaintiffs argued to the district court that published notice "was meaningless and ineffective and mere window dressing," they failed to provide evidence, through an affidavit, that the potential claimants involved had actually failed to receive notice.

Plaintiffs' argument that the notice was constitutionally deficient under *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), misses the point.  *Mullane* addresses situations where a party might seek to provide potential claimants with constructive notice where actual notice

4

was impossible or impracticable. 339 U.S. at 314–15. In fact, the *Texas Gulf Sulphur* test does not require uninformed claimants to show that the vessel owner's constructive notice was unconstitutionally deficient, but simply that uninformed claimants did not receive actual notice. *Lloyd's Leasing*, 902 F.2d at 371 (noting that the excuse "normally given for not timely filing a claim is lack of actual notice"). Thus, even constitutionally satisfactory notice could be grounds for leave to file a late claim if the district court, upon receiving an affidavit stating the reasons for the late filing, concludes that the balance of the equities favors the late claimant. *See, e.g.*, *Jappinen v. Canada S.S. Lines, Ltd.*, 417 F.2d 189 (6th Cir. 1969) (concluding, without engaging in an analysis of the constitutional sufficiency of the notice, that late claimant who was unaware of the notice date should have been allowed to file late).

### III. CONCLUSION

Because plaintiffs failed to fulfill the requirements for leave to file a late claim, the district court's refusal to permit the late claims was not an abuse of discretion. The district court's decision is AFFIRMED.