# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30659
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2020

Lyle W. Cayce
Clerk

ROOSEVELT COLLINS,

      Plaintiff–Appellant,

v.

DOUBLE J. MARINE, L.L.C., as owner and owner pro hac vice, of the M/V Miss Sylvia; BRYNMARK MARINE SERVICES, INCORPORATED; GATX CORPORATION,

      Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-1415

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

On February 16, 2016, the M/V MISS SYLVIA struck the M/V ATLANTIC GRACE. The owners of the M/V MISS SYLVIA ("Shipowners") filed a complaint for exoneration from or limitation of liability ("Limitation Action"). Pursuant to the Limitation Action, the district court ordered that all potential claimants must bring claims against the Shipowners by September

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30659

23, 2016; any actions brought after that date would be dismissed as untimely. After waiting several months beyond this date until May 2017, the Shipowners moved for a notice of default for all unfiled claims, and the district court issued the notice. The Shipowners settled with all claimants on September 27, 2018. The Limitation Action was closed on November 26, 2018.

Nearly three months later, appellant Roosevelt Collins filed suit against the Shipowners (among others) for damages from the collision, with full knowledge of the prior Limitation Action. The court dismissed his complaint as untimely. He now appeals. We AFFIRM.

I

Collins asserts he was working for a third party as a laborer on the M/V ATLANTIC GRACE when the M/V MISS SYLVIA struck it, injuring him. He alleges that he timely filed claims for workers' compensation under state and federal law. Collins also alleges he tried many times to request reports related to the incident, as well as the names and owners of the ships involved, from his employer.

Meanwhile, the Shipowners opened a Limitation Action to exonerate themselves from and otherwise limit their liability for the accident. This type of special complaint allows vessel owners involved in accidents to deposit with the court "a sum equal to the amount of value of the owner's interest in the vessel and pending freight" from which claimants may receive a payment after proving that they were affected by the accident. *See* FED R. CIV. P. SUPP. A. M. C. Rule F. The district court, pursuant to the Federal Rules' requirements for notice to all potential claimants, ordered publication of a notice regarding the Limitation Action in a Louisiana newspaper of general circulation. *See id.* at F(4). The court also set a filing deadline of September 23, 2016 for all claims related to the subject matter of the Limitation Action. Four individuals and one insurance company filed timely claims in response. The Shipowners then

moved for an order noting default for all unfiled claims. In May 2017 the district court issued the order, which stated that any future litigants would be "barred from filing any claims and answers in this or any other proceeding" related to the Limitation Action. The Limitation Action claims were eventually settled prior to trial, and the district court dismissed the case with prejudice in November 2018.

On February 8, 2019, Collins's attorneys say they learned of the Limitation Action for the first time. Rather than moving to reopen the Limitation Action, they filed suit separately against the Shipowners six days later. The Shipowners filed a Notice of Related Case, and the court transferred Collins's case to the judge who had originally dealt with the Limitation Action. The Shipowners then moved to dismiss on the grounds that the Limitation Action's prohibition of future claims barred Collins's separate, untimely complaint. Even if Collins's claim could be construed as an attempt to assert a late claim under the Limitation Action, the Shipowners argued, the late claim should be denied. Collins replied that he did not receive direct notice of the Limitation Action as is required for all known claimants. *See* FED. R. CIV. P. SUPP. A. M. C. Rule F(4). He argued that the Shipowners knew or should have known of his existence as a claimant due to their extensive discovery and his identification as a witness to the collision in the Limitation Action. The district court agreed with the Shipowners and dismissed Collins's suit with prejudice. Collins now appeals.

## II

We review motions to dismiss de novo and can affirm a district court's order of dismissal "on any basis supported by the record." *Taylor v. City of Shreveport*, 798 F.3d 276, 279 (5th Cir. 2015). We also resolve admiralty cases "with equitable liberality." *Tex. Gulf Sulphur Co. v. Blue Stack Towing Co.*,

No. 19-30659

313 F.2d 359, 362 (5th Cir. 1963). But liberality is not license. And even when liberally construed, the rules are not on Collins's side.

The Shipowners gave proper notice to any prospective claimants of the Limitation Action. *See* FED. R. CIV. P. SUPP. A. M. C. Rule F(4). The Rules required the Shipowners to issue a notice of the Limitation Action to all prospective claimants that shall be published by newspaper every week for four weeks. *See id.* They did so.

But the Shipowners also had to mail a copy of the notice to "every person known to have made any claim against the vessel or the plaintiff" that was on the ship when the accident occurred. *See id.* And Collins argues that he was a known claimant, not just a prospective one. He offers no support for this assertion beyond a list of witnesses the Limitation Action claimants submitted to the Shipowners stating that Collins may testify "concerning the facts and circumstances surrounding the accident, claimants' job duties, performance and abilities prior to the accident, and any other relevant testimony concerning the claimants, this accident, and claimants' damages." This witness description offers no hint that Collins himself had made any claim regarding the accident. It thus cannot ground Collins's assertion that he was a known claimant deserving direct notice of the Limitation Action, and as this is the only evidence Collins offers, he has not proved he was a known claimant. He thus must prove actual failure to receive notice by publication. *See In re River City Towing Servs., Inc.,* 420 F.3d 385, 388 (5th Cir. 2005). But he has not done that either.

Because Collins asserted his claim separately from the Limitation Action, and because the Limitation Action is no longer pending, we need not resolve whether Collins can file a late claim in the Limitation Action. *See Texas Gulf*, 313 F.2d at 362. Collins had the opportunity to file a late claim under the Limitation Action while it was pending and did not do so. So *Texas Gulf* does

4

No. 19-30659

not govern here, but the district court's order barring claims related to the subject matter of the Limitation Action does.

\* \* \*

The judgment of the district court is AFFIRMED.