# United States Court of Appeals
## For the First Circuit

No. 22-1359

IN THE MATTER OF G&J FISHERIES, INC. AS OWNER OF F/V GEORGES
BANKS, PLAINTIFF, FOR EXONERATION FROM OR LIMITATION OF
LIABILITY,

G&J FISHERIES, INC.,
as Owner of F/V Georges Banks, O.N. 10925237,

Plaintiff, Appellee,

v.

EDUINO COSTA,

Claimant, Appellant,

ELIZABETH & NIKI FISHING CORPORATION,

Claimant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Kayatta, Lynch, and Howard,
Circuit Judges.

Marnix E. Weber, with whom Michael Brian Flynn, Kathleen A.
Reagan, and Flynn Wirkus Young PC were on brief, for appellant.
Olaf Aprans, with whom Farrell Smith O'Connell Aarsheim
Aprans LLP was on brief, for appellee.

May 2, 2023

**LYNCH**, **Circuit Judge**. When Appellant Eduino Costa, a commercial fisherman who alleged he was injured while serving on a vessel owned by Appellee G&J Fisheries, Inc. ("G&J"), failed to file a claim as required under Supplemental Rule F of the Federal Rules of Civil Procedure, G&J moved for entry of default judgment. The district court allowed G&J's motion and denied Costa's request for leave to file a late claim. In re G&J Fisheries, Inc. (In re G&J I), 570 F. Supp. 3d 8, 11-12 (D. Mass. 2021). The district court thereafter entered a judgment of exoneration for G&J. In re G&J Fisheries, Inc. (In re G&J II), 598 F. Supp. 3d 18, 22 (D. Mass. 2022). Our review of these orders is for abuse of discretion. Costa has not met his burden to show such abuse. We affirm.

## I.

Costa worked as a deckhand aboard the commercial fishing vessel F/V GEORGES BANKS, owned and operated by G&J, during a scallop fishing trip that started on or about June 9, 2017. Costa did not file any claim of injury in the thirty-five months following that voyage.

Three years later, on June 12, 2020, Costa sued G&J in Massachusetts Superior Court, alleging that he had been injured on or about June 15, 2017, on the F/V GEORGES BANKS and that G&J was liable for unseaworthiness and Jones Act negligence, 46 U.S.C. § 30104, and seeking maintenance and cure. Costa alleged that he "worked at least six trips as a deckhand" aboard G&J's vessel "in

- 3 -

2016 and for some time in 2017." Costa's state court complaint also named as defendant Elizabeth & Niki Fishing Corporation ("E&N"), owner of the commercial fishing vessel F/V ELIZABETH & NIKI, on which Costa allegedly worked as a deckhand for over thirty years. Costa alleged that on multiple occasions aboard the F/V GEORGES BANKS and the F/V ELIZABETH & NIKI, he "was required to perform . . . extremely dangerous [tasks]" and "unsafely ordered . . . to perform work which was beyond his physical and medical capacity to perform."

After receiving written notice of Costa's state court action, G&J filed a complaint in the U.S. District Court for the District of Massachusetts on September 16, 2020, seeking "exoneration from liability for any and all injuries, damages, and losses of any kind arising from the voyage ending on or about June 16, 2017, including personal injuries allegedly sustained by Costa," "pursuant to 46 U.S.C. §§ 30501-12 . . . and Supplemental Admiralty Rule F of the Federal Rules of Civil Procedure."[1] See 46 U.S.C. § 30529(a) (formerly 46 U.S.C. § 30511(a)) (providing that a vessel owner can "bring a civil action in a district court of the United States for limitation of liability" after receiving "written notice of a claim").

---

[1] On January 6, 2021, E&N also filed such a complaint in federal district court seeking "exoneration from, or limitation of, any liability [it] may face by reason of Mr. Costa's alleged injury" aboard the F/V GEORGES BANKS.

- 4 -

The Supreme Court has described the exoneration-from-liability process as follows:

> The district court secures the value of the vessel or owner's interest, marshals claims, and enjoins the prosecution of other actions with respect to the claims. In these proceedings, the court, sitting without a jury, adjudicates the claims. The court determines whether the vessel owner is liable and whether the owner may limit liability. The court then determines the validity of the claims, and if liability is limited, distributes the limited fund among the claimants.

Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 448 (2001) (citing Fed. R. Civ. P. Supp. R. F). When such a federal court exoneration action is filed, Rules F(4)-(5) of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure set forth clear requirements for notice and for potential claimants to file claims in the district court by a certain date:

> [T]he [district] court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. . . . For cause shown, the court may enlarge the time within which claims may be filed.

Fed. R. Civ. P. Supp. R. F(4) (emphasis added). There is no dispute that such notice was provided here.

Supplemental Rule F(5) specifies when a claim must be filed and the claim's contents and differentiates between a "claim" and an "answer":

> Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule. Each claim shall specify the facts upon which the claimant relies in support of the claim, the items thereof, and the dates on which the same accrued. If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.

Id. F(5) (emphasis added). The Rule, by its terms, sets certain requirements for every claim.

In response to G&J's exoneration complaint, the district court issued an order on October 13, 2020, enjoining "any and all lawsuits, causes of action, and claims against Plaintiffs and their property arising from the Incident" pursuant to Supplemental Rule F(3). The order further directed the issuance of notice pursuant to Supplemental Rule F(4) and required that any claimants must "file their respective claims . . . on or before November 18, 2020 or be defaulted." The formal notice issued two days later. It reiterated that "[a]ll persons having claims for injuries, losses, or damages must file a Claim, as provided by Supplemental Rule F(4)" and that "[a]ny Claimant desiring to contest [G&J's] right to exoneration from or right to limitation of liability must

also file an answer to the Limitation Complaint, as required by Supplemental Rule F(5)."[2]

Costa responded to the exoneration action on November 17, 2020. He filed only an answer to G&J's complaint. He did not, by his own admission, "file a pleading specifically entitled a 'claim.'" Nor did he attach to his federal filing a copy of his state court complaint. Costa and G&J commenced discovery.[3]

Nearly eight months later, Costa still had not filed a claim nor, in G&J's view, had he adequately responded to discovery. On July 8, 2021, G&J filed a motion for entry of default as to all persons who failed to file claims by the November 18 deadline. The next day, E&N filed a claim and answer, albeit late. On July 22, 2021, Costa filed a "limited opposition" to entry of default, in which he argued that default should not be entered

---

[2]    The district court's first notice contained a November 4 deadline for the filing of claims, contrary to the court's order, which set a deadline of November 18. The court issued a second notice on October 21, changing the deadline to November 18, consistent with the court's order.

[3]    After Costa's counsel did not agree to an April 2021 date for Costa's deposition, the parties agreed that Costa would be deposed on July 7, 2021. Costa, his counsel, G&J's counsel, E&N's counsel, an interpreter, and a court reporter met in Costa's counsel's New Bedford office for the deposition on that date. But Costa's counsel refused to produce Costa for deposition, citing a need to consolidate Costa's case with the E&N exoneration action, so that Costa would only be deposed once.

because his state court complaint was referenced in G&J's exoneration complaint and his answer.

On July 27, 2021, G&J filed a reply in support of its motion for entry of default.[4] G&J argued that Costa was in default because he had never filed a claim in district court, as required by Supplemental Rule F(5), and because neither Costa's answer nor his state court complaint counted as a claim under the "plain terms" of that Rule. G&J contended that, by failing to properly file a claim, Costa avoided Supplemental Rule F's requirements.[5]

G&J further argued that the court should not grant Costa

_____

[4] G&J attached nine exhibits to its filings below: (1) a page from Costa's counsel's website describing the firm's expertise in maritime litigation; (2) claims under Supplemental Rule F(5) that Costa's firm timely filed in other limitation actions; (3) Costa's answers to G&J's first set of interrogatories; (4) the two notices of Costa's deposition and related correspondence; (5) a statement on the record regarding the attempted July 7 deposition of Costa; (6) Costa's medical records from a visit dated July 19, 2017, in which the physician's assistant noted that Costa "present[ed] . . . with a 1 year history of severe back pain . . . not related to accident or injury"; (7) the complaint against G&J and E&N that Costa filed in state court; (8) further correspondence regarding the July 7 deposition; and (9) Costa's supplemental answers to G&J's first set of interrogatories.

[5] Costa made the following allegations in his state court complaint: that, on or about June 15, 2017, he "sustained a severe and painful traumatic injury" aboard the F/V GEORGES BANKS when the vessel's captain "ordered [him] . . . to go to the wheelhouse to man the helm and finish cutting scallops"; that when he stepped on the main stairwell's first step, "while carrying the heavy basket full of scallops in an unsafe, awkward and ergonomically unsafe posture," he heard his lower back "pop" and felt "immediate intense [back] pain"; and that he then "fell face forward on to the stairwell constructed of diamond plate steel."

- 8 -

leave to file a late claim because Costa's failure to timely file was not due to excusable neglect. Rather, G&J alleged, Costa's "failure to file a claim was and is [a] deliberate" gambit "to leave his options open to craft a fictitious claim ad hoc after obtaining discovery." In support of this assertion, G&J cited Costa's decision not to submit to a deposition and Costa's unsigned and "conclusory" answers to interrogatories. Further, G&J appended Costa's medical records, which showed that Costa had degenerative back problems well before the date of the accident on or about June 15, 2017, and that as of July 19, 2017 (the date of the medical examination), those problems were "not related to accident or injury." G&J also noted that "Costa's counsel is experienced in maritime cases and knows he is required to file a claim under Supplemental Admiralty Rule F(5)."

On July 30, 2021, Costa filed a sur-reply arguing that he "properly preserved his Claim by defending and filing an Answer as a Claimant and properly described as his affirmative defense that the negligence of [G&J] was the cause of his injury." Costa also requested "leave to file a late claim to preserve his rights" if the district court "f[ound] that this [a]ffirmative [d]efense lacks sufficient specificity under the circumstances."

On August 4, 2021, G&J responded to Costa's sur-reply, emphasizing that "Costa's bare and conclusory affirmative defenses [did] not pass as a claim"; that "Costa [did] nothing to explain

how he ha[d] failed to file a claim at this eleventh hour"; that Costa "appear[ed] to suggest that engaging [in] discovery excuse[d]" him from filing a claim; and that Costa, "despite ample opportunity and warning, ha[d] failed to demonstrate a meritorious claim through evidence or affidavit that would warrant declining entry of default against him."

In a memorandum and order issued November 5, 2021, the district court held that Costa's answer did not amount to a claim under Supplemental Rule F and denied Costa leave to file a late claim. See In re G&J I, 570 F. Supp. 3d at 11-12. The district court noted that it "[was] unaware of any caselaw construing an answer as a claim under Rule F to save a claimant from default judgment and Costa cites none." Id. at 11. The district court also emphasized that Costa referred to his own pleadings "as an answer, an answer and pleadings, or pleadings" -- not a claim. Id.

The district court applied our excusable neglect standard, which requires analysis of the "totality of the circumstances," including such factors as "(1) the explanation for the delay, (2) whether the non-movant will be prejudiced and (3) whether the party requesting relief acted in good faith." Id. (first citing Nansamba v. N. Shore Med. Ctr., Inc., 727 F.3d 33, 38-39 (1st Cir. 2013); and then citing Rivera-Velázquez v. Hartford Steam Boiler Inspection & Ins. Co., 750 F.3d 1, 4 (1st Cir. 2014)).

- 10 -

The district court stated that under this standard, "'[a]t a bare minimum' the party seeking to alter the judgment 'must offer a convincing explanation as to why the neglect was excusable.'" Id. (quoting Nansamba, 727 F.3d at 39). The district court concluded that Costa "provided no such explanation" as to why the neglect was excusable; that Costa's argument "[was] impossible to reconcile with the plain language of Rule F, as well as clear precedent requiring claimants to file claims, rather than answers"; and that Costa's counsel's failure "to admit to this oversight . . . undermine[d] his good faith." Id. at 11-12. The district court noted that Costa was represented by counsel who were "experienced practitioners who recently filed claims in other limitation proceedings governed by Rule F." Id. at 11. The district court granted G&J's motion for entry of default.[6] Id. at 12.

G&J then moved the district court to enter final judgment pursuant to its November 5, 2021 ruling. Costa filed an opposition

---

[6] Costa then filed an interlocutory appeal and moved to stay the district court proceedings while this appeal was pending. The district court found that the interlocutory appeal provided no basis for a stay of the action because (1) Costa made "no effort to meet [his] burden" and (2) the court was "skeptical that he would be able to do so if he tried." In re G&J II, 598 F. Supp. 3d at 21. Costa voluntarily dismissed his interlocutory appeal after this court issued a show cause order on June 9, 2022, directing Costa to either voluntarily dismiss the interlocutory appeal or show cause why it should not be dismissed as being duplicative of his subsequent appeal.

to G&J's motion again seeking permission to file a late claim but failing to attach one.

The district court entered final judgment for G&J on April 14, 2022. In re G&J II, 598 F. Supp. 3d at 22. Costa filed a timely appeal.

**II.**

We review for abuse of discretion the district court's denial of permission to file late claims in an exoneration action. See Lloyd's Leasing Ltd. v. Bates, 902 F.2d 368, 371 (5th Cir. 1990); Tex. Gulf Sulphur Co. v. Blue Stack Towing Co., 313 F.2d 359, 363 (5th Cir. 1963). To prevail, the appellant must meet the "heavy burden" of showing an abuse of discretion. Thibeault v. Square D Co., 960 F.2d 239, 242-43 (1st Cir. 1992). Abuse of discretion is found in only the "rare[st]" of instances. Tex. Gulf Sulphur Co., 313 F.2d at 363. "[A]n appellate court must defer to the lower court's 'sound judgment,' so long as its decision falls within its 'wide discretion,' and is not 'manifestly erroneous.'" United States v. Tsarnaev, 142 S. Ct. 1024, 1040 (2022) (citations omitted) (first quoting United States v. Abel, 469 U.S. 45, 54 (1984); then quoting id.; and then quoting Gen. Elec. Co. v. Joiner, 522 U.S. 136, 142 (1997)). Here, while the district court could have reached a different result, the result

- 12 -

it reached was within its wide discretion and was not manifestly erroneous.

District courts applying Supplemental Rule F(4) have "discretion 'to allow . . . late claims'" for cause shown. In re Urbelis, No. 15-cv-12358, 2018 WL 701350, at *4 (D. Mass. Feb. 2, 2018) (quoting Golnoy Barge Co. v. M/T SHINOUSSA, 980 F.2d 349, 351 (5th Cir. 1993) (per curiam)). For cause, district courts may extend the time to file a claim under Supplemental Rule F: "[S]o long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims . . . upon a showing of the reasons therefor." Lloyd's Leasing Ltd., 902 F.2d at 371 (alteration and omission in original) (quoting Tex. Gulf Sulphur Co., 313 F.2d at 362); see also Schoenbaum, Admiralty and Maritime Law § 15.6 n.18 (6th ed. 2022 update).[7]

This court has not previously addressed the issue of abuse of discretion in a district court's denial of permission to file a late claim under Supplemental Rule F(4).[8]

_____

[7] "[R]elief from a tardy claim is not a matter of right. It depends upon an equitable showing." Tex. Gulf Sulphur Co., 313 F.2d at 363.

[8] We note that federal appellate courts have rarely found abuse of discretion. Such abuse has been found in situations not like this one, such as when the notice was not published in the claimant's geographical area. See, e.g., Sagastume v. Lampsis Navigation Ltd., 579 F.2d 222, 224 (2nd Cir. 1978); Jappinen v. Can. S.S. Lines, Ltd., 417 F.2d 189, 190-91 (6th Cir. 1969); see

- 13 -

If a claimant "fail[s] to offer any evidence to support their reasons for filing their claims after the notice date," then a district court does not abuse its discretion in "refus[ing] to permit the [filing of] late claims." In re River City Towing Servs., Inc., 420 F.3d 385, 388 (5th Cir. 2005). Costa has provided no such evidence.

**III.**

Costa argues that (1) "his answer and the other pleadings taken [in context] should have been construed as a claim for purposes of Rule F(5)";[9] and (2) under Texas Gulf Sulphur Co. and "basic principles of admiralty law," the district court "should have granted Costa permission to file his claim late." We address each argument in turn and hold that, on the particular facts of this case and arguments presented by Costa, the district court did not abuse its discretion.

**A. Costa's Answer and Other Pleadings Are Not a Claim Under Supplemental Rule F(5)**

The text of Supplemental Rule F(5) clearly

---

also Lloyd's Leasing Ltd., 902 F.2d at 371 (discussing these cases).

One circuit has commented that the "cause" required by Supplemental Rule F(4) "is minimal; an explanation rather than a justification for the delay will suffice." Alter Barge Line, Inc. v. Consol. Grain & Barge Co., 272 F.3d 396, 397 (7th Cir. 2001) (per curiam).

[9] Costa does not make clear what other pleadings he contends amount to a claim.

- 14 -

differentiates between a claim and an answer. A claim "shall specify the facts upon which the claimant relies in support of the claim, the items thereof, and the dates on which the same accrued." Fed. R. Civ. P. Supp. R. F(5). Under the Rule, an answer is clearly different from a claim and serves a different purpose. An answer may be filed "[i]f a claimant desires to contest either the right to exoneration from or the right to limitation of liability." Id. A claim can be accompanied by an answer, but an answer alone is not a claim. See id. Supplemental Rule F(5) makes clear that Costa's answer is not a claim. Like the district court, we are unaware of any caselaw construing an answer like Costa's as a claim under Supplemental Rule F to save a claimant from default judgment. See In re G&J I, 570 F. Supp. 3d at 11; see also In re Tappan Zee Constructors, LLC, No. 17-cv-00168, 2018 WL 1183711, *2-3 (N.D.N.Y. Mar. 6, 2018) (refraining from construing answer as claim under Rule F); In re Carnival Corp., No. 05-cv-21633, 2006 WL 8432012, at *2 (S.D. Fla. Jan. 6, 2006) (rejecting claimant's argument that "the state court complaint, attached to her motion to dismiss, can be construed as her claim"). Costa relies on White v. Sabatino, 415 F. Supp. 2d 1163 (D. Haw. 2006), to argue that his answer should be construed as a claim. But White is easily distinguishable. In White, the district court found the claimant satisfied Supplemental Rule F's requirements where the plaintiff had filed a complaint in a separate action, filed an

answer in the limitation action, and then the two cases were consolidated. The court reasoned that the "[c]omplaint, [a]nswer, and consolidation of the two cases [were] sufficient to satisfy the aim of Rule F(5)." Id. at 1180. Thus, in White, unlike here, the cases were consolidated, such that the claimant's complaint was part of the same action as the limitation proceeding.

Further, the differentiation between a claim and an answer in Supplemental Rule F(5) is consistent with other admiralty rules. Under Supplemental Rule C(6), "a person who asserts a right of possession or any ownership interest in the property that is the subject of [an in rem] action must file a verified statement of right or interest," and such person "must serve an answer within 21 days after filing the statement of interest or right." Fed. R. Civ. P. Supp. R. C(6)(a). The filing of this statement "is a prerequisite to the right to file an answer and defend on the merits." United States v. One Dairy Farm, 918 F.2d 310, 311 (1st Cir. 1990) (quoting United States v. Fourteen (14) Handguns, 524 F. Supp. 395, 397 (S.D. Tex. 1981)) (discussing earlier version of the Rule). The same logic applies to Supplemental Rule F(5): a potential claimant lacks standing to file an answer in a limitation proceeding if they have not properly filed a claim in district court. See Am. River Transp. Co. v. United States, 728 F.3d 839, 844 (8th Cir. 2013) (holding that government lacked standing to

move to dismiss limitation proceeding because it failed to first file a claim under Supplemental Rule F(5)).

The district court reasonably concluded that Costa's answer did not specify the facts as required by Supplemental Rule F(5).[10] His answer only references the civil suit he filed in Bristol County Superior Court without any further detail; admits that "he was injured aboard the F/V GEORGES BANKS on a voyage that ended on or about June 16, 2017," and that he "was on the F/V GEORGES BANKS on a scalloping voyage on June 15, 2017"; and raises affirmative defenses, including that G&J "failed to exercise due care, including the failures to properly inspect, maintain and equip the F/V GEORGES BANKS Vessel."

In response to a vessel owner's limitation action, a claimant cannot merely point to their state court complaint to satisfy Supplemental Rule F(5)'s claim requirement. See In re Carnival Corp., 2006 WL 8432012, at *2. Surely the drafters of Supplemental Rule F, knowing that a state court complaint could

---

[10]     This case is unlike United States v. 1 Street A-1, 885 F.2d 994 (1st Cir. 1989). In 1 Street A-1, this court construed a timely filed verified answer containing all the information required of a claim to have fulfilled the function of a claim under an earlier version of Supplemental Rule C(6). See id. at 999-1000. Costa's citation to this case only in his reply brief is insufficient to avoid waiver of the argument. And even if this argument were not waived, it does not help Costa because his answer did not contain all the information required of a claim under Supplemental Rule F(5). Costa's answer, for example, did not "specify the facts upon which" he relied in support of his claim, as Supplemental Rule F(5) requires.

- 17 -

provide notice to a vessel owner to file a federal action for limitation of liability, would have explicitly provided that a state court complaint could substitute for the claim provision if they so intended. But Supplemental Rule F(5) does not make any exception to the requirement that a claim be filed in federal court in a limitation action, even where there is a state court complaint. Costa could have filed a proper claim in response to the district court's notice, but he chose not to do so. It was insufficient to merely refer the federal court to a case pending on a state court docket. Such an argument, if accepted, would lead to obvious inefficiencies and burdens on the federal courts, which Supplemental Rule F(5) was meant to avoid.

**B. The District Court Did Not Abuse Its Discretion in Denying Costa Leave to File a Late Claim**

Costa argues that the district court applied the wrong legal standard in evaluating his motion for leave to file a late claim under Supplemental Rule F(4). He takes issue with the district court's conclusion that "[c]ase law suggests that Rule F, like Fed. R. Civ. P. Rule 60(b)(1), sets a standard of 'excusable neglect' in allowing a late claim." In re G&J I, 570 F. Supp. 3d at 11. Costa also argues that the district court "fail[ed] to fully assess all of the relevant factors." We disagree on both points. There was no error in the use of the excusable neglect standard. See In re Urbelis, 2018 WL 701350, at *5 n.5 (noting

- 18 -

that "[t]he case law suggests" that an excusable neglect standard applies); see also Nansamba, 727 F.3d at 38-39; Rivera-Velázquez, 750 F.3d at 4. Though Supplemental Rule F(4) does not use the term "excusable neglect," cf. Fed. R. Civ. P. 60(b)(1), the standard for a district court to grant the filing of late claims "upon a showing of the reasons therefor" under the Rule is effectively one of excusable neglect, Tex. Gulf Sulphur Co., 313 F.2d at 362. Like a showing of excusable neglect under Rule 60(b)(1), "a showing of the reasons therefor," id., under Rule F(4) encompasses a showing of "inadvertence, mistake, or carelessness, as well as [] intervening circumstances beyond the party's control," Nansamba, 727 F.3d at 38 (alteration in original) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993)). The district court did assess the record. Thus, the district court did not abuse its discretion in finding there was not excusable neglect.

As the district court found, Costa "careless[ly]" made no attempt to remedy his failure to file a claim for a "full year since his initial filling." In re G&J I, 570 F. Supp. 3d at 12. Instead, he asserted that there was no failure on his part at all, and that he "believed that his rights were sufficiently protected under" his answer. Id. at 11. The district court found that argument "impossible to reconcile with the plain language of Rule

- 19 -

F."[11]  Id.  Costa's argument that the district court's entry of default against him is inconsistent with the Jones Act's purpose of providing liberal recovery for injured seamen is unavailing. The Jones Act does not exempt Costa or any other seaman from complying with Supplemental Rule F's requirements for timely filing a claim in a limitation action.

The district court did not abuse its discretion in finding that Costa's counsel "failed to present a convincing excuse for [their] error," particularly because they "were experienced practitioners" in maritime litigation.  Id.  In the district court and in state court, Costa was represented by counsel who specialize in maritime law and thus should be familiar with Supplemental Rule F(5)'s requirement that a claim -- not just an answer -- be filed in a limitation action.  In limitation actions contemporaneous to this one, Costa's counsel timely filed claims under Supplemental Rule F(5).  See id.  For example, one of Costa's attorneys filed a claim against G&J on behalf of a different personal injury claimant in another case pending before the same district court roughly three weeks before the claim in this case was due.  And at oral argument, Costa's counsel acknowledged that "our office has

_____

[11]    Further, as E&N filed its own late claim immediately after G&J moved for default, Costa was reminded of the need to file a claim and nonetheless took no steps in the ensuing four months to file a claim before the district court ruled on G&J's motion.

filed claims in exoneration actions." Costa's representation by counsel experienced in maritime litigation makes especially troubling his failure to submit any evidence explaining why he failed to timely file claims. Cf. In re River City Towing Servs., Inc., 420 F.3d at 388.

Further, Costa's approach clearly harms the efficient administration of admiralty rules by the federal courts, and G&J has argued it has harmed its defense of the case. The courts "ha[ve] a 'strong institutional interest in ensuring that litigants honor court orders' so that [the courts] may efficiently administer [their] docket[s]." United States v. 2008 33' Contender Model Tournament Vessel, 990 F.3d 725, 727 (1st Cir. 2021) (quoting Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 47 (1st Cir. 2002)). The failure to file a claim as required by Supplemental Rule F also caused delay, which G&J argues harmed its defense of the case as memories of events became stale. And Costa has consistently failed to commit to specific information underlying his alleged injury. G&J argues that Costa "seeks to take advantage of faded memories, missing witnesses and massaged evidence," thereby disrupting G&J's ability to adequately defend the case.

We affirm.